IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. 05-0069 |
| VERSUS | * | JUDGE JAMES |
| EDDIE FERRAND, Individually and d/b/a/ MR. ED's TAX SERVICE, GLENDA FAYE ELLIOTT, MICHAEL DWAYNE BELL, WILLIAM NATHANIEL KENNEDY, and JHACOBY LaKELSEY TOSTON | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are a Second and Third Motion to Dismiss filed by defendant, William Nathaniel Kennedy ("Kennedy"). (Document Nos. 31, 51). Plaintiff, United States of America ("Government"), opposes the motions. For reasons stated below, it is recommended that both motions be **DENIED**.

## BACKGROUND

On January 18, 2005, the Government filed this action seeking to permanently enjoin Kennedy and other defendants from acting as income tax preparers.[1] (Rec. Doc. 1) Kennedy is also the subject of a criminal indictment by the Government for tax fraud and conspiracy to commit tax fraud. (Case Number 04-30050). In the Government's civil action, Kennedy is alleged to have engaged in conduct in violation of 26 U.S.C. § 7407(b)(1). Specifically, as an employee of "Mr. Ed's Tax Service," Kennedy is alleged to have fraudulently entered fictitious or inflated deductions and losses on customers' income tax returns. (Rec. Doc. 1, ¶¶ 15-18).

---

[1] The Government voluntarily dismissed one defendant, Michael Dwayne Bell, on July 26, 2005, and negotiated a consent judgment with another defendant, Jhacoby LaKelsey Toston. The Court entered the consent judgment on August 18, 2005. Eddie Ferrand, Glenda Faye Elliott, and Kennedy remain as defendants in this action.

Kennedy, a pro se defendant, has filed a Second and Third Motion to Dismiss.[2] Although Kennedy purports to request dismissal for failure to state a claim, the undersigned finds it nearly impossible to discern any coherent argument in either of the two motions. However, Kennedy appears to challenge the authority of the United States and/or the Internal Revenue Service ("IRS") to file a civil action against him, to enjoin him from engaging in tax preparation, or to levy taxes. Kennedy also denies being a "tax return preparer," as defined in the Internal Revenue Code. None of Kennedy's claims have merit.

## LAW AND ANALYSIS

Rule 12(b)(6) Standard

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 78 S.Ct. 99, 101-02 (1957). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Lowrey v. Texas A&M Univ. System*, 117 F.3d 242, 247 (5th Cir. 1997). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Congress has specifically authorized the United States to seek an injunction against any income tax preparer who has:

> (A) engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title,
> (B) misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as an income tax preparer,

---

[2] Kennedy's First Motion to Dismiss was struck from the record due to various deficiencies.

>> (C) guaranteed the payment of any tax refund or the allowance of any tax credit, or
>> (D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

26 U.S.C. § 7407(a); (b)(1)(A)-(D). In addition to finding that an income tax return preparer engaged in the above conduct, a court must also find that "injunctive relief is appropriate to prevent the recurrence of such conduct." 26 U.S.C. § 7407(b)(2). Once these two elements are satisfied, a court may enjoin an individual from engaging in the wrongful conduct. In a broader form of relief, a court may also enjoin an individual from acting as an income tax return preparer in any capacity if (1) it finds that the person has "continually and repeatedly" engaged in any of the conduct described above and (2) that "an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration [of the internal revenue laws]." *Id.*

The Internal Revenue Code defines income tax return preparer as "any person who prepares for compensation . . . any return of tax . . . or any claim for refund of tax." 26 U.S.C. § 7701(a)36)(A). Even preparation of a substantial portion of a tax return will qualify an individual as an income tax return preparer. *Id.*

Despite Kennedy's claim that the Government does not have the power to bring a civil action against him or enjoin him from working as a tax preparer, the above legislation clearly demonstrates otherwise. Additionally, the Government's complaint alleges sufficient facts to support a claim under for an injunction under 26 U.S.C. § 7407. Kennedy is alleged to have worked as a tax return preparer at "Mr. Ed's Tax Service" beginning in November 2001, during which time he, in combination with other defendants, allegedly made fraudulent entries on more than fifty-three tax returns. (Rec. Doc. 1, ¶¶ 26, 27). Based on the alleged widespread and recurring fraud, the Government has pled sufficient facts to state a claim for relief and to

establish Kennedy as an income tax return preparer.³  Thus, it is recommended that the defendant's Second and Third Motions to Dismiss be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

³ As the Government correctly notes, Kennedy's broad challenge to the ability of the federal government to levy taxes is frivolous and has no bearing on this action.  In response to such arguments, the United States Court of Appeals for the Fifth Circuit has stated, "[W]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984).